UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALANDER CRAPPS,

    Plaintiff,

v.                                          Case No. 4:20cv21-MW-HTC

FONBAN, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

On January 10, 2020, Plaintiff, a prisoner proceeding *pro se*, initiated this action by filing a civil rights complaint purporting to assert claims under 42 U.S.C. § 1983. ECF Doc. 1. The complaint was referred to the undersigned for preliminary screening under 28 U.S.C. § 1915A. Upon review of the complaint and the record, the undersigned respectfully recommends that this action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute, failure to comply with Court orders, and failure to disclose his prior litigation. Namely, Plaintiff has (1) neither filed a complete application to proceed *in forma pauperis* nor paid the requisite $400.00 filing fee[1], despite numerous orders directing him to do so (*see*

---

[1] Rule 5.3 of the Local Rules of the Northern District of Florida provides that "[a] party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915." The fee for a civil complaint is $400.00.

Case 4:20-cv-00021-MW-HTC   Document 13   Filed 04/29/20   Page 2 of 7

Page 2 of 7

ECF Docs. 4, 6, 9, 12), and (2) failed to disclose at least two (2) cases and one (1) appeal he previously filed.

## I. FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS

The Court docketed Plaintiff's motion to proceed *in forma pauperis* on January 13, 2020.  ECF Doc. 3.  The motion was deficient because it did not contain a completed affidavit, a signed prisoner consent form, or a financial certificate filled out and signed by a prison official with attachments.[2]  Thus, on January 22, 2020, the Court issued an order denying Plaintiff's motion without prejudice and directing him to either file a complete application to proceed *in forma pauperis* or pay the $400.00 filing fee within twenty-one (21) days.  ECF Doc. 4.  The Court warned Plaintiff that failure to comply with the January 22 Order as instructed may result in a recommendation that his case be dismissed.  *Id.*

Plaintiff did not comply with the Court's January 22 Order as instructed. Consequently, on February 18, 2020, the Court issued an order directing Plaintiff to show cause why his case should not be dismissed for failure to prosecute or follow an order of the Court.  ECF Doc. 6.  The Court instructed Plaintiff that it would

---

[2] A complete application to proceed *in forma pauperis* includes a motion with supporting affidavit, a signed prisoner consent form, and a financial certificate filled out and signed by the appropriate prison official with attachments (a printout of the transactions in Plaintiff's inmate trust account for the 6-month period immediately preceding the filing of the complaint).

Case No. 4:20cv21-MW-HTC

discharge the show cause order if Plaintiff complied with the Court's January 22 Order within fourteen (14) days.

On February 21, 2020, Plaintiff filed a motion for extension of time to file a motion to proceed *in forma pauperis*. ECF Doc. 8. The Court granted the extension on February 28, 2020 and ordered Plaintiff to either file a complete application to proceed *in forma pauperis* or pay the $400.00 filing fee by March 10, 2020. ECF Doc. 9.

On March 13, 2020, three (3) days after the extended deadline, Plaintiff filed a notice to the Court, wherein he alleged he could not comply with the Court's February 28 Order for various reasons. ECF Doc. 10. In response to Plaintiff's notice, on March 24, 2020, the Court issued an order granting Plaintiff an additional twenty-one (21) days to either (1) file a complete application to proceed *in forma pauperis*; (2) pay the $400.00 filing fee; or (3) provide evidence that he had attempted to comply with the Court's orders and was prevented from doing so.[3] ECF Doc. 12. The Court warned Plaintiff that failure to comply may result in a recommendation that his case be dismissed without further notice. *Id.*

The deadline set out in the Court's March 24 Order has passed without a response from Plaintiff. It has been over three (3) months since Plaintiff initiated

---

[3] In each of its orders, to ensure that Plaintiff had access to the correct forms, the Court directed the clerk to send Plaintiff new form applications to proceed *in forma pauperis*.

this action, and Plaintiff has neither filed a complete application to proceed *in forma pauperis* nor paid the requisite filing fee. Thus, this action should be dismissed without prejudice for failure to prosecute and failure to comply with Court orders.

## II.   FAILURE TO DISCLOSE

As an additional ground for dismissal, Plaintiff has also failed to disclose his litigation history as required by the Court's complaint form. At the end of the complaint form, Plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." ECF Doc. 1 at 14-15. Despite that declaration, Plaintiff made several false representations on the complaint form.

Section VIII of the complaint form, titled "Prior Litigation," asks: "A. To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a 'strike'?" and "C. Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?" ECF Doc. 1 at 12, 13. The form requires Plaintiff to identify and describe any cases responsive to the questions.

Plaintiff checked "No" in response to both questions and did not identify any prior cases. *Id.* Thus, Plaintiff swore that, at the time he filed his complaint on January 10, 2020, he had not previously filed any federal cases challenging his conviction or otherwise relating to the conditions of his confinement and he was

unaware of any cases having been dismissed for a reason constituting a strike. Plaintiff's representations to the Court, however, were not truthful or accurate.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable. Upon such an investigation in this case, the undersigned discovered that, at the time Plaintiff filed his complaint, he had filed, under his name and Florida Department of Corrections ("FDOC") Registration Number 558343, at least the following cases, which he failed to disclose to the Court:

> *Crapps v. Boyce, et al.*, 4:01cv336 (N.D. Fla.) (§ 1983 action that was voluntarily dismissed)
>
> *Crapps v. Cates, et al.*, 4:00cv257 (N.D. Fla.) (§ 1983 action that was dismissed for failure to state a claim)
>
> *Crapps v. Cates, et al.*, 0:01usc13066 (11th Cir.) (appeal from 4:00cv257 that was dismissed as frivolous)

Plaintiff did not disclose these federal actions despite the complaint form's clear instructions. Moreover, two (2) of the actions he failed to disclose qualify as strikes under 28 U.S.C. §1915(g).

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable

Case No. 4:20cv21-MW-HTC

standards in approaching the Court.  If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Here, Plaintiff falsely responded to questions on the complaint form, as detailed above.  Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required.  The complaint form expressly warns prisoners: "***Failure to disclose all prior cases may result in the dismissal of this case***."  ECF Doc 1 at 14 (emphasis in original).  If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  The Court should not allow Plaintiff's false responses to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice.  *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case).

Accordingly, it is respectfully RECOMMENDED, that:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute, failure to comply with Court orders, and failure to disclose prior litigation.

2. The clerk be directed to close the file.

Done in Pensacola, Florida, this 29th day of April, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.